UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-00944-RGK-DTB | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Francisco Perciado Robles v. Kristi Noem et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [DE 3]

## I. INTRODUCTION

On February 26, 2026, Francisco Preciado Robles ("Petitioner") filed a Petition for Writ of Habeas Corpus and the present Application for Temporary Restraining Order ("Application") against Kristi Noem, Pamela Bondi, Todd Lyons, Feriti Semaia, and Jaime Rios (collectively, "Respondents"). (ECF Nos. 1, 3.) Petitioner, a noncitizen, is in U.S. Immigration and Customs Enforcement ("ICE") custody.

Petitioner seeks the Court's order that he be released from custody primarily because he claims his detention is unlawful, as Respondents failed to follow the proper procedures for revoking his Order of Supervision ("OSUP"). For the following reasons, the Court **DENIES** the application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Petitioner fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00944-RGK-DTB | Date | March 2, 2026 |
|---|---|---|---|
| Title | *Francisco Perciado Robles v. Kristi Noem et al.* | | |

Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner. It is not clear to the Court why Petitioner requires immediate action through the *ex parte* process to be released from custody. Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified.

IV.  **CONCLUSION**

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |